

**FILED**

NOV 1 5 2006

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | | |
|---|---|---|---|
| ONTARIO LEWIS; ELMER WEST; | \* | | |
| GARY H. MILLER; DAVID A., | \* | CIV 06-4163 | CIV 06-4164 |
| BURLING; EDDIE DEAN COLE; | \* | CIV 06-4170 | CIV 06-4171 |
| PRESTON GATUS; JEFFREY | \* | CIV 06-4173 | CIV 06-4175 |
| BARNHART; MICHAEL PARVIN; | \* | CIV 06-4181 | CIV 06-4182 |
| KENNETH HOWARD, PEDRO | \* | CIV 06-4190 | CIV 06-4194 |
| RODELA; MARK STEVENS; DEAN | \* | CIV 06-4198 | CIV 06-4199 |
| BERA; SAM OPARE-ADDO; JOHN J. | \* | CIV 06-4201 | CIV 06-4202 |
| PEACHER; WILLIAM H. HARRISON; | \* | CIV 06-4204 | CIV 06-4205 |
| DEAN A. KIRCHERT; JEFFREY A. | \* | CIV 06-4206 | CIV 06-4207 |
| NEYENS; FERNANDO ANTONIO | \* | CIV 06-4209 | CIV 06-4210 |
| LOVATO; STEVEN STANDS; DAVID A. | \* | CIV 06-4213 | CIV 06-4215 |
| LAUER, Sr.; ESTEBAN RODRIGUEZ; | \* | CIV 06-4217 | CIV 06-4218 |
| ERIC GUTSCHMIDT; CHARLES D. | \* | CIV 06-4220 | CIV 06-4223 |
| SAVAGE; NICHOLAS R. JENSEN; | \* | CIV 06-4223 | CIV 06-4224 |
| CHRISTOPHER RHODES; BRIAN LEE | \* | CIV 06-4225 | CIV 06-4226 |
| LANGSCHWAGER; JOHN W. SHRIVER; | \* | CIV 06-4230 | CIV 06-4233 |
| NICHOLAS M. BROMEMSCHENKEL; | \* | | |
| LEONARD FAZIO; DAVID R. | \* | | |
| BOETTGER; FRANCIS SCHRAM, | \* | | |
| | \* | | |
| Petitioners, | \* | MEMORANDUM OPINION | |
| | \* | AND ORDER | |
| | \* | | |
| -vs- | \* | | |
| | \* | | |
| J.D. WHITEHEAD, Warden, | \* | | |
| Yankton Prison Camp, | \* | | |
| | \* | | |
| Respondent. | \* | | |
| | \* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Ontario Lewis, and other inmates at the Federal Prison Camp in Yankton, South
Dakota, have petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. The claim
advanced by Lewis and the other Petitioners is that Respondent, Warden Whitehead, by refusing to
allow inmates to be eligible for RRC (halfway house placement) beyond 180 days in the absence of
"extraordinary justification" is acting contrary to the Eighth Circuit Court of Appeals' ruling in *Fults
v. Sanders,* 442 F.3d 1088 (8th Cir. 2006). Pursuant to Rule 42(a) of the Federal Rules of Civil
Procedure, this Court, on its own motion, ordered the cases consolidated, and ordered Respondent

to show cause why the writs in this consolidated action should not be granted.

In his Response, Respondent moved to dismiss for failure to exhaust administrative remedies. Doc. 8. Specifically, Respondent contends that the petitioners in this consolidated action are subject to the Prison Litigation Reform Act (PLRA). Respondent relies on 42 U.S.C.A. § 1997e(a)which states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Respondent further contends that the petitioners must follow a three-level administrative remedy set forth at 28 C.F.R. 542.10 through 542.15 before they can bring an action in federal court.

Respondent cites *Booth v . Churner*, 532 U.S. 731 (2001), *Porter v. Nussle*, 534 U.S. 516 (2002), and *Johnson v. Jones*, 340 F.3d 624 (8th Cir. 2003), as support for his position that PLRA's exhaustion requirement requires dismissal of this consolidated action. None of these cases, however, involve an action brought under 28 U.S.C. § 2241. Respondent does not cite to any cases that have applied the PLRA to an action under 28 U.S.C. § 2241.

The Eighth Circuit has deemed the PLRA's filing-fee provisions inapplicable to § 2241 habeas corpus actions. *Malave v. Hedrick*, 271 F.3d 1139 (8th Cir.2001). In so holding the Eighth Circuit stated:

> Focusing on the unique nature of habeas corpus and on Congress's intent when it enacted the PLRA, we now join our sister circuits in holding that the PLRA's filing-fee provisions are inapplicable to habeas corpus actions. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1040 (D.C.Cir.1998) (habeas is "unique creature of the law"); *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir.1998) ( "habeas claims involve someone's liberty, rather than mere civil liability"); *Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir.1997) ("We seriously doubt that Congress would have purposed to narrow the habeas gateway in so restrictive a manner without some explicit reference to that effect."); *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir.1997) (Congress promulgated PLRA to curtail prisoner tort, civil rights, and conditions litigation, not filing of habeas petitions).

*Malave v. Hedrick* 271 F.3d at 1139 -1140. Because of the unique nature of habeas corpus, the PLRA's requirement of exhaustion of administrative remedies is also inapplicable to § 2241 habeas corpus actions.

Numerous courts have held the PLRA inapplicable to requests for collateral relief under

2

28 U.S.C. §§§ 2241, 2254 or 2255. *See Walker v. O'Brien*, 216 F.3d 626 (7th Cir.2000): *Davis v. Fechtel*, 150 F.3d 486, 488-90 (5th Cir.1998); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811-12 (10th Cir.1997); *Santana v. United States*, 98 F.3d 752, 756 (3d Cir.1996)( actions under 28 U.S.C. §§ 2254 and 2255); *Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir.1997) (habeas corpus actions); *Kincade v. Sparkman*, 117 F.3d 949, 950-51 (6th Cir.1997) (fee requirements under 28 U.S.C. §§ 2254 and 2255); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir.1997) (habeas corpus actions); *Colton v. Ashcroft* 299 F.Supp.2d 681, 688 -689 (E.D.Ky.,2004).

The Court also notes that at least one statute distinguishes habeas corpus actions from the group of civil actions concerning prison conditions. In 18 U.S.C. § 3626(g)(2), the term "civil action with respect to prison conditions" is defined as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." The consolidated action in this case, like the action in *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006), was properly brought as a habeas corpus action. The PLRA's exhaustion requirement, therefore, does not apply. Accordingly,

IT IS ORDERED:

1.   That the Respondent's motion to dismiss (Doc. 8) is denied; and

2.   That within 10 days of the date of this Memorandum Opinion and Order Respondent shall serve and file a Response which addresses the merits of the claim advanced by Lewis and the other Petitioners  in this consolidated action.

Dated this 15th day of November, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY

3